ALOIS LABENZ, APPELLEE, V. LEONARD LABENZ, APPELLANT.

253 N. W. 2d 855

Filed May 25, 1977. No. 41060.

Robak & Geshell, for appellant.

George H. Moyer, Jr., of Moyer, Moyer & Egley, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This is an action brought under the Securities Act of Nebraska by a purchaser of unregistered and undelivered corporate stock against the salesman to recover the purchase price of the stock. The District Court sustained a motion for a directed verdict for the plaintiff. Defendant appeals, setting out seven assignments of error which may be condensed to his allegation that he was exempt under section 8-1111 (1) and (9), R. R. S. 1943. We affirm.

Defendant was a securities salesman for International Commodities Company, Inc. (International), a Nebraska corporation. On September 12, 1973, defendant induced plaintiff, who was his first cousin, to subscribe for 1,000 shares of capital stock of International at $5 per share. Plaintiff signed a so-called

preincorporation subscription agreement and gave defendant a check payable to International in the amount of $5,000. The corporation was already in existence, having been incorporated July 19, 1973.

International cashed plaintiff's check but never issued the shares. The corporation was dissolved on August 2, 1974, for nonpayment of taxes. Plaintiff thereafter instituted this action against defendant.

Section 8-1118 (1), R. R. S. 1943, provides, so far as material herein: "Any person who offers or sells a security in violation of section 8-1104 * * * shall be liable to the person buying the security from him, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at six percent per annum from the date of payment, costs, and reasonable attorneys' fees * * *."

Section 8-1104, R. R. S. 1943, makes it unlawful to offer or sell unregistered securities unless the security is exempt from registration or the security is sold in an exempt transaction. The securities in this case were not registered with the Department of Banking. Defendant makes no claim that they were exempt from registration. He does contend that the transaction was exempt under subdivisions (1) and (9) of section 8-1111, R. R. S. 1943.

Section 8-1111 (1), R. R. S. 1943, provides an exemption for any isolated transaction. The facts in this case show defendant offered and sold stock of the same issue to seven persons over a period of a short time. Under the circumstances, it is clear to us the sale of the unregistered securities to plaintiff was not an isolated transaction within the meaning of section 8-1111 (1), R. R. S. 1943.

Section 8-1111 (9), R. R. S. 1943, provides as follows: "Any transaction pursuant to an offer directed by the offerer to not more than ten persons, other than those designated in subdivision (8) of this section in this state during any period of twelve consecutive months, whether or not the offerer or any of

the offerees is then present in this state, *if* (a) the seller reasonably believes that all the buyers are purchasing for investment, and (b) *no commission or other remuneration is paid or given directly or indirectly for soliciting any prospective buyer,* except to a broker-dealer registered under the provisions of sections 8-1101 to 8-1124.'' (Emphasis added.)

Defendant was not a registered broker dealer. It also is undisputed that his contract with International provided for a commission of 8 percent of the value of the stock sold. He did in fact receive a check from International for the sale he made to plaintiff. Defendant cashed this check, but owing to the insolvency of the corporation the check was returned unpaid. Because of this fact defendant argues that he is within the exemption set forth in the preceding paragraph.

The trial court properly directed a verdict against the defendant herein. We refuse to place the restrictive interpretation upon the language of subdivision (9) of section 8-1111, R. R. S. 1943, contended for by defendant. The section contemplates a situation where no remuneration *is to be given* to the offerer in any form. Defendant was expecting to be paid. He actually accepted a check of International in payment for his commission on the transaction. The fact that he did not receive payment on the check does not change the situation. We agree with the Oregon court. The Securities Act of Nebraska should be liberally construed to afford the greatest possible protection to the public. Marshall v. Harris, 276 Ore. 447, 555 P. 2d 756 (1976).

The judgment of the District Court is correct and is affirmed.

AFFIRMED.